UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California, et al.,<br><br>Defendants. | No. 2:18-cv-00322 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED, and the complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2).

I.     Screening Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

II. The Allegations Of The Complaint

Plaintiff is a private employer who owns and operates a business called "NAMAC" in the State of California. ECF No. 1 at 6, ¶ 36. One of NAMAC's core businesses involves the retail food sector. Id. at ¶ 39. Plaintiff asserts that the retail food sector employs a high percentage of "illegal aliens." Id. Plaintiff asserts that federal immigration agents target businesses "with a high percentage of illegal aliens." Id. at ¶ 38.

////

Plaintiff brings suit to challenge the constitutionality of California's Immigrant Worker Protection Act ("IWPA"), which prohibits California employers from allowing federal immigration enforcement agents to enter any nonpublic areas of a workplace without a judicial warrant. Plaintiff claims that the IWPA violates the Supremacy Clause of the United States Constitution (Article VI, Clause 2). ECF No. 1 at 8, ¶¶ 47-50. Specifically, plaintiff alleges that "[i]n the face of daunting federal law and the penalties attached for violating federal law, Becerra, has stated that he will prosecute Plaintiff for violating the IWPA, while at the same time refusing to provide protection for Plaintiff if Plaintiff, while attempting to comply with the IWPA runs afoul of a federal law." Id. at ¶ 60. Plaintiff asserts a cause of action for personal injury because "[d]ue to the IWPA, Plaintiff, out of an abundance of caution to avoid violating federal law, has stopped NAMAC." Id. at 10, ¶ 64.

### III. Article III Standing Requirements

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). To have standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013). The case or controversy requirement ensures that federal courts do not decide questions that cannot affect the rights of litigants in the case before them, or give opinions advising what the law would be upon a hypothetical state of facts. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Accordingly, the standing doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction," so that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (emphasis in original) (internal quotation marks and citations omitted).

To demonstrate Article III standing, a plaintiff must allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to

3

the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements ... with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted). While threatened future harm can in some instances confer standing, the injury must be "certainly impending" to constitute injury-in-fact; allegations of possible future injury are not sufficient. Whitmore v. Arkansas, 495 U.S. 149, 158 (1990); see also Clapper, 568 U.S. at 409 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted). Accordingly, speculative injury is insufficient. Lujan, 504 U.S. at 565 n.2 ("Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes – that the injury is certainly impending.") (internal quotation marks omitted).

IV. Plaintiff Lacks Standing To Challenge The Constitutionality of the IWPA

Plaintiff has standing to challenge the IWPA only if he has suffered an injury-in-fact from application of the law to him, or is faced with certainly impending harm from enforcement of the statute. As noted above, the complaint reflects plaintiff's belief that continuing to conduct business as NAMAC would subject him to prosecution.

This belief is based on speculation. The complaint alleges in pertinent part:

> If plaintiff were to comply with Plaintiff's understanding of the IWPA and ICE agents were to arrest and charge plaintiff with federal crimes, the State of California would sit idly by and do nothing to prevent Plaintiff's life, business, livelihood and liberty from being irreparable harmed or destroyed.
>
> If Plaintiff complies with ICE or other federal agents in their normal course of business in the State of California, Becerra has clearly indicated a threat of prosecution against Plaintiff by and through Becerra's public decree. . . .
>
> If an illegal alien were in a nonpublic area and Plaintiff prevented federal agents from entering said area, Plaintiff could be charged with any number of federal violations for violation of 18 U.S. Code § 4.

ECF No. 1 at 7-8, ¶¶ 44, 45, 48.

4

Plaintiff's use of the conditional form in the above-quoted allegations reflects the speculative nature of the threatened harm. Even accepting as true plaintiff's allegation that the California Office of the Attorney General represented to him that it would provide no legal assistance were he to be arrested by ICE agents for complying with the IWPA, id. at ¶ 43, there are no facts supporting a conclusion that plaintiff actually faced imminent ICE raids and a Hobson's choice between violating the IWPA or refusing the lawful demands of federal officials. Accordingly, the complaint alleges no more than a "speculative chain of possibilities," Clapper, 568 U.S. at 414, which is inadequate to support standing.

Plaintiff's allegations of harm from application of the IWPA are even more speculative than those found insufficient to support standing in Clapper. In that case, the Supreme Court found that Amnesty International and other organizations lacked standing to challenge amendments to the Foreign Intelligence Surveillance Act ("FISA") that authorize the interception of certain communications between domestic and foreign entities. The Court of Appeals for the Second Circuit had found standing on grounds including an objectively reasonable likelihood that plaintiffs' communications would be intercepted under the statute. Clapper, 568 U.S. at 407. Plaintiffs had specifically alleged that they communicate with individuals and organizations believed by the government to be associated with terrorism, those who live in areas that are a special focus of counter-terrorism efforts, and those who oppose governments supported by the United States, all of which brought them directly within the scope of the FISA amendments. Id. at 406. The Supreme Court reversed, holding first that the "objectively reasonable likelihood" of harm standard is inconsistent with the requirement that threatened harm must be "certainly impending" to constitute injury-in-fact, and second that plaintiff's showing of future harm was too speculative. Id. at 410.

Among other things, the Court found Amnesty International's standing theory to be defective because it rested "on speculation about the decisions of independent actors" – specifically multiple law enforcement entities and the FISA court, all of whom are involved in implementing the challenged amendments. Id. at 414. Plaintiff's asserted threat of harm in the case at bar is similarly inadequate to establish injury-in-fact, because it rests on speculation about

the future decisions and actions of independent entities including ICE and both federal and state prosecutors. And even if the complaint before the court contained allegations sufficient to establish a reasonable likelihood that plaintiff's business would be the subject of an ICE raid, under circumstances requiring him to either violate or comply with the IWPA, *and* that he likely would thereafter be punished either for violating the IWPA or for violating ICE orders, such likelihood would be insufficient as a matter of law to support standing under Clapper.[1]

Plaintiff's standing problem goes deeper, because the complaint establishes beyond dispute that any threat of future harm that may have existed has been eliminated. Plaintiff cannot show that he is currently subject to future harm by enforcement of the IWPA, because he has voluntarily closed his business. ECF No. 1 at 10, ¶ 64. Any alternative standing theory based on this "injury" is also foreclosed by Clapper.

After finding that Amnesty International's theory of likely future harm fails to meet the injury-in-fact requirement, the Clapper Court also rejected an alternative standing theory which rested on injury in the form of plaintiff's cessation of communications vulnerable to FISA surveillance, and costs incurred in attempting to protect the privacy of communications in light of the amendments. The Supreme Court held that the plaintiff organizations "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." Id. at 416. Moreover, the Court stated, voluntarily self-inflicted harms are not "fairly traceable" to the challenged statute. Id.

In light of Clapper, plaintiff cannot rely on the closing of his business as an injury-in-fact which is fairly traceable to the IWPA. The complaint acknowledges that plaintiff shut down his business "out of an abundance of caution to avoid violating federal law." ECF No. 1 at 10, ¶ 64. This choice by plaintiff was not compelled by the IWPA and so cannot be considered traceable to

////

---

[1] Plaintiff's allegations do not demonstrate a reasonable likelihood of harm, let alone "certainly impending" harm. The complaint does not specify exactly what NAMAC does; its role in the retail food sector; whether it directly employs any undocumented workers, or what its relationship is with any associated undocumented workers; whether it has its own facilities that could be raided; etc. Even if plaintiff could establish such a likelihood by amendment, however, standing would be foreclosed by Clapper.

it.  Because the alleged closing of the business was not responsive to any "certainly impending" future harm, it cannot itself constitute an injury sufficient to support standing.

For all these reasons, plaintiff's asserted injuries are insufficient to confer standing to challenge the constitutionality of the IWPA.[2]  Plaintiff's complaint makes clear that no case or controversy exists, and this fact cannot be cured by amendment.  <u>Noll</u>, 809 F.2d at 1448.  Accordingly, this court lacks jurisdiction to consider plaintiff's claims.

### III.  CONCLUSION

For the reasons explained above, plaintiff's request to proceed in forma pauperis (ECF No. 2) is hereby GRANTED.

It is RECOMMENDED that the complaint (ECF No. 1) be DISMISSED with prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 28, 2018.

*[signature: Allison Claire]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  The issue plaintiff seeks to litigate, that IWPA is invalid under the Supremacy Clause, is currently being litigated by the United States of America in <u>United States v. California</u>, No. 18cv490 (E.D. Cal.).